# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2195

_____

Momina Weyesso,                               *
                                              *
                Petitioner,                   *
                                              *   Petition for Review of
        v.                                    *   an Order of the
                                              *   Board of Immigration Appeals.
John Ashcroft, Attorney General,              *
of the United States,                         *   [UNPUBLISHED]
                                              *
                Respondent.                   *

_____

Submitted:  February 7, 2005
    Filed:  February 15, 2005

_____

Before WOLLMAN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Momina Weyesso, a citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals (BIA) declining to reopen her asylum case. Weyesso entered the United States in July 1999 on a three-month nonimmigrant visa, and in September 1999 she applied for asylum and related relief. In November 1999 she was charged with being removable for having remained in the United States beyond the permitted time. On March 28, 2001, an Immigration Judge (IJ) denied Weyesso's application for asylum and related relief and ordered her removed to Ethiopia. Her untimely administrative appeal was dismissed, and reconsideration was denied in October and November 2001.

On May 8, 2003, Weyesso moved the IJ to reopen her case on the ground that she had new evidence. The IJ denied the motion, finding that it was untimely, as it was not filed within 90 days of the final order of removal; that Weyesso had not shown the evidence she sought to offer was material and could not have been previously presented; and that she had already received a detailed decision on her case. Weyesso appealed and the BIA declined to reopen the case.

In her brief supporting her petition for review, Weyesso challenges the IJ's denial of asylum and related relief. Those issues are not properly before us, however. See Boudaguian v. Ashcroft, 376 F.3d 825, 827 (8th Cir. 2004) (court reviewing denial of motion to reopen does not have jurisdiction to review underlying order if that order was not timely appealed). Weyesso has thus waived any challenge to the denial of her motion to reopen, see Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (failure to raise issue in opening brief constitutes waiver of that issue), which motion was, in any event, untimely, see 8 U.S.C. § 1229a(c)(6)(C) (motion to reopen must be filed within 90 days of date of entry of final administrative order of removal); Boudaguian, 376 F.3d at 827 (removal order is final when issued).

Accordingly, we deny the petition.

_____